BESSIE K. HAMRE v. HAMRE-HOGENSON HOLDING COMPANY.[1]

April 22, 1932.

No. 28,809.

*G. Halvorson,* for appellant.

There was no brief filed or appearance made on behalf of respondent in this court.

[1] Reported in 242 N. W. 377.

HILTON, J.

Plaintiff appeals from a judgment against her in the sum of $41.97, being the costs and disbursements taxed as a result of a verdict in favor of defendant.

Defendant is a Minnesota corporation engaged in the real estate business in this and other states. Plaintiff and her husband, T. P. Hamre, were directors of the defendant, the former being its president and the latter its secretary-treasurer and general manager. They lived in Minneapolis and by stock ownership controlled defendant. The only other director lived in the northern part of the state.

Defendant owned an automobile which was used principally in its business and to some extent as a family car of plaintiff and Hamre. On January 12, 1930, plaintiff, Hamre, and one Schneider and his wife, who were close and intimate friends of the Hamres, started from Minnesota for Texas in the car. The men rode in the front seat, the women in the rear. Hamre drove most of the time, but Schneider occasionally relieved him at the wheel, with the acquiescence and consent of plaintiff. The trip was admittedly taken for pleasure purposes of the Hamres and Schneiders and in furtherance of Hamre's personal business. Although Hamre testified that it was also for the purpose of selling Texas land listed with the defendant, the jury might properly conclude that it was not.

Defendant was in financial straits; Hamre's salary of $200 per month was in arrears. Just prior to leaving on the trip Hamre drew from defendant's money in a bank an amount that he considered necessary for expenses and charged it against his salary account; in other words, it became his individual money and was used in payment of expenses on the trip. Hamre testified that he expected to make defendant stand some of them and that if he sold his own land he intended to loan the money received therefor to the defendant. By so doing the defendant would be further indebted to him. Schneider paid part of the expenses.

On January 18, 1930, Schneider relieved Hamre at the wheel, and while proceeding upon a paved highway in the state of Texas an

accident occurred and plaintiff was injured. Whether the accident was a mere mishap or was due to Schneider's negligence was a question of fact for, and was submitted to, the jury. Other than two doctors who testified as to the extent of the injuries, plaintiff and her husband were the only witnesses. Under proper instructions, which are not here for review, the jury returned a verdict in favor of defendant.

The errors assigned here are that the verdict is not justified by the evidence and is contrary to law and that the court erred in refusing to instruct the jury to return a verdict for plaintiff for an amount to be determined by it from all the evidence. Virtually there is only one assignment, namely, that the verdict was contrary to the evidence. We think there was evidence warranting the jury in returning a verdict for defendant.

In its charge the court left to the jury for determination the questions whether the automobile was being used, operated, and controlled by the corporation for its corporation purposes and on its corporate business, and whether it was due to negligence of the defendant that the automobile ran off the road and plaintiff injured. The contention of the defendant was that neither condition maintained. The burden was upon plaintiff to establish both propositions. The jury was also directed to determine from the evidence the validity of the claim of plaintiff that the parties to the action were engaged in a joint enterprise, and also to determine if any negligence even on the part of the driver of the car had been established.

The circumstance that an accident happened did not establish negligence of anyone; it was incumbent upon the plaintiff to prove it. On the record the jury was justified in concluding that the business, if any, contemplated on the trip was that of plaintiff's husband to sell his land and incidentally, if at all, to benefit the corporation by loaning the proceeds to it. The jury was not bound to consider that it was a corporation undertaking, although its car was used. The evidence is not conclusive, nor even persuasive, that the corporation had any interest in the undertaking. No books of

the corporation were produced or other showing made that it participated in the expenses, nor any evidence other than that of plaintiff's husband that the corporation might possibly be interested in the trip. The evidence warranted the jury in concluding that no negligence on the part of Schneider or anyone else had been proved; that if any business was contemplated it was that of plaintiff's husband; and that the trip was not in any way a corporation undertaking, although its car was used. Such being the situation, if the jury reached one or more of the foregoing conclusions, defendant properly prevailed.

Affirmed.